FILED _____ ENTERED
_____ LODGED _____ RECEIVED

DEC 29 2022

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ L.

Magistrate Judge Michelle L. Peterson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. MJ22-602 |
| Plaintiff | COMPLAINT |
| v. | |
| BLANCA MEDINA, | |
| Defendant. | |

BEFORE the Honorable Michelle L. Peterson, United States Magistrate Judge, Seattle, Washington.

The undersigned complainant being duly sworn states:

## COUNT 1

**(Failure to Surrender for Service of Sentence)**

On or about September 22, 2022, in Seattle, within the Western District of Washington, the defendant, BLANCA MEDINA, having been released pursuant to Chapter 207 of Title 18 of the United States Code, while awaiting surrender for service of a sentence after conviction in the United States District Court for the Western District of Washington, under cause number CR20-092 JCC, for a violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846, a felony offense punishable by imprisonment for a term of up to 40 years, and having been directed by the Court on or

1 about August 31, 2022, to surrender at the Federal Correctional Institution Phoenix
2 Satellite Camp no later than September 22, 2022, did knowingly and willfully fail to
3 surrender for service of a sentence as ordered by the Court.
4     All in violation of Title 18, United States Code, Section 3146(a)(2) and
5 (b)(1)(A)(i).
6     I, Cree Molina, being first duly sworn on oath, depose and say:

## INTRODUCTION

8   1.   I make this affidavit in support of this Complaint to obtain an arrest warrant
for the person of BLANCA MEDINA for the crime of Failure to Surrender for Service
of a Sentence because she failed to appear to begin serving a sentence imposed by this
Court, in violation of Title 18, United States Code, Section 3146(a)(2).

12   2.   The facts contained in this affidavit come from both from my personal
observations and knowledge, and from information obtained from other law enforcement
officers participating in this investigation. This affidavit is intended to set forth the facts
relevant to the determination of probable cause for the requested warrant and does not
set forth all my knowledge about this matter.

## AFFIANT BACKGROUND AND EXPERIENCE

18   3.   I am a Deputy with the U.S. Marshals Service (USMS) and have been so
since February 2017. One of my primary responsibilities with the USMS is to
investigate violations of federal law. Prior to becoming a Deputy U.S. Marshal, I was a
Special Agent for Homeland Security Investigations from August 2014 to October 2016.
My law enforcement training includes graduating from the United States Marshals
Service Academy, the Homeland Security Investigations Special Agent Training
Academy, and the Criminal Investigator Training Program taught at the Federal Law
Enforcement Training Center in Glynco, Georgia.

## SUMMARY OF PROBABLE CAUSE

27   4.   On July 23, 2020, a grand jury returned a four-count indictment charging
members of a transnational drug trafficking organization with three drug trafficking

offenses and one money laundering offense in *United States v. Alan Gomez-Marentes, et al.*, under cause number CR20-092 JCC in the United States District Court for the Western District of Washington. Dkt. 1. Defendant, BLANCA MEDINA, was charged in Count 1 with Conspiracy to Distribute Controlled Substances, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846. Dkt. 1. A warrant issued for MEDINA's arrest the following day. Dkt. 20.

5. On July 28, 2020, MEDINA was arrested and made her initial appearance. Dkt. 59. An arraignment and detention hearing were held on August 3, 2020. Dkt. 121. MEDINA entered a plea of not guilty, and the Court ordered her released and placed her on bond. Dkt. 121. One of the conditions of MEDINA's bond was to be placed on location monitoring. Dkt. 122. The appearance bond also included a pretrial supervision condition. Dkt. 122. At all times relevant herein, MEDINA was supervised by U.S. Probation and Pretrial Services Officers in the Western District of Washington (USPO Erin O'Donnell) and the Central District of California (USPO Jillian Huynh and USPO Location Monitoring Specialist Brenda Mercado).

6. On August 6, 2020, the grand jury returned a 13-count Superseding Indictment adding one defendant and charging the members of the drug trafficking organization with seven drug trafficking offenses, one money laundering offense, and five firearm offenses. Dkt. 152. The conspiracy charge in Count 1 against MEDINA remained the same and a second count, Count 5, was added charging MEDINA with Possession of Methamphetamine and Heroin with Intent to Distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A). Dkt. 152. An order continuing MEDINA's conditions of release was entered. Dkt. 171. MEDINA was arraigned on the Superseding Indictment on August 14, 2020, and she entered pleas of not guilty. Dkt. 224.

7. On March 31, 2021, the grand jury returned a Second Superseding Indictment, adding one defendant. Dkt. 378. Both Count 1 and Count 5 against MEDINA remained the same and an order continuing her conditions of release was

entered the following day. Dkt. 401. On April 15, 2021, MEDINA was arraigned on the Second Superseding Indictment and entered pleas of not guilty. Dkt. 472.

8. On January 6, 2022, MEDINA pled guilty to a lesser-included offense of that charged in Count 1, Conspiracy to Distribute Controlled Substances, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846. Dkts. 634 and 636. MEDINA remained on bond. Dkt. 634. Sentencing was scheduled for April 5, 2022. Dkt. 634. The sentencing hearing was later continued to May 24, 2022, rescheduled to May 23, 2022, and ultimately continued again to August 23, 2022. Dkts. 706, 716, and 740.

9. On August 23, 2022, MEDINA appeared for sentencing as ordered by the Court. Dkt. 863. After hearing the arguments of the parties, the Court sentenced MEDINA to 42 months' imprisonment and four years of supervised release. Dkts. 863 and 864. The judgment of conviction directed MEDINA to report to begin her serving her sentence "as notified by the Probation or Pretrial Services Office." Dkt. 864.

10. On August 31, 2022, United States Probation Officer Erin O'Donnell mailed a letter to MEDINA, and her counsel, informing them that MEDINA had been designated to serve her 42-month sentence at Federal Correctional Institution (FCI) Phoenix Satellite Camp located at 37900 North 45th Avenue, Phoenix, Arizona, 85086. This letter also directed MEDINA to report to the institution by no later than 10:00 a.m. on September 22, 2022. The letter was mailed to MEDINA at 12441 Old River School Road, #216, Downey, California 90242. According to USPO O'Donnell, MEDINA and her five children have been living at that complex since September 2021 – initially they lived in unit #302, but on July 19, 2022, the moved into unit #216.

11. On September 7, 2022, MEDINA's counsel sent government counsel an email asking to extend MEDINA's report date because MEDINA needed more time to make arrangements for her five children. The following day, when government counsel indicated that they would not oppose a short extension and asked how long of an extension MEDINA was seeking, MEDINA's counsel explained that MEDINA was

COMPLAINT / MEDINA
USAO No. 2022R01402

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101

looking to extend her report date by 30 days. On September 9, 2022, MEDINA's counsel stated that he would prepare an Unopposed Motion and an Agreed Order for government counsel to review, but no motion and order were ever received by government counsel. Instead, MEDINA's counsel sent an email to United States Probation Officer (USPO) Lisimba Jackson on September 12, 2022, which read:

> Ms. Medina is requesting to extend her self surrender date 20 days. She is to report to FCI Phoenix on 9/22. The government does not oppose. What is USPO position. She needs additional time to set up custody for her 5 children before she is detained. Thanks.

It does not appear that MEDINA's counsel ever followed up with USPO Jackson.

12. On September 22, 2022, USPO Jamie Parkhurst filed a petition and request for warrant alleging that MEDINA tampered with her GPS tracker on or about September 21, 2022. Dkt. 892. In her memorandum supporting the petition and warrant, USPO Parkhurst explained the following:

> On September 21, 2022, at 11:36 p.m., U.S. Probation Officer Brenda Mercado in the Central District of California sent an email advising of a tracker strap tamper alert from Ms. Medina's GPS tracker. This alert is typically indicative of a GPS tracker being cut off or forcibly removed. Due to the late hour the email was sent, I did not see the notification of the strap tamper until the morning of September 22, 2022. Officer Mercado attempted to contact Ms. Medina, but she was unresponsive to these contacts.
>
> Officer Mercado reported she last spoke with the defendant around 9:00 p.m. on September 21, 2022, to confirm her plans to self-surrender. Ms. Medina advised a friend was driving her to the facility and she provided Officer Mercado with her friend's phone number. Officer Medina spoke with Ms. Medina's friend, who noted he was not with her but was scheduled to pick her up at midnight. In addition, Officer Mercado also spoke with Ms. Medina's mother/3rd party custodian on September 21, 2022, who advised she had not seen Ms. Medina since the day before and thought Ms. Medina was on her way to surrender to custody.
>
> As of this writing, Ms. Medina has not surrendered to custody. Her current whereabouts are unknown.

1 | Dkt. 893. A warrant for MEDINA's arrest was issued that same day. Dkt. 894.

2 |      13.   On September 22, 2022, MEDINA failed to report to FCI Phoenix to serve her sentence as directed.

     14.   On September 23, 2022, USPO Jackson sent an email to MEDINA's counsel asking if MEDINA's counsel ever sought an extension of her surrender date. MEDINA's counsel responded, "No we did not and she confirmed her report date last week with me. Ill reach out and see if I can get more information. Can you confirm she od not sho[.]" USPO Jackson replied to MEDINA's counsel that MEDINA did not surrender as directed and that the Bureau of Prisons was giving MEDINA until 1:00 p.m. (on September 23, 2022) before they would notify the U.S. Marshals. MEDINA never surrendered.

     15.   On September 26, 2022, USPO Parkhurst confirmed with the staff at FCI Phoenix that MEDINA never reported to the institution and filed a supplemental petition alleging that MEDINA had failed to surrender to serve her 42-month sentence. Dkts. 895 and 896.

     16.   On or about December 9, 2022, MEDINA was arrested and made her initial appearance in the Central District of California on the Western District of Washington warrant. Dkts. 1, 3, and 5. Ultimately, the Court "considered the allegation that in September 2022, Defendant removed her tracking device and failed to self-surrender to begin serving the sentence imposed in the Western District of Washington," and found "clear and convincing evidence that Defendant violated the conditions of her release" and ordered MEDINA be detained.

//
//
//
//
//
//

## CONCLUSION

17. Based on the above facts, I respectfully submit that there is probable cause to believe that on September 22, 2022, BLANCA MEDINA did knowingly and intentionally fail to appear to serve her sentence, in violation of Title 18, United States Code, Section 3146(a)(2).

DATED this 29th day of December, 2022.

Cree Molina, Complainant
Deputy United States Marshal

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds that there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

Michelle L. Peterson
United States Magistrate Judge

COMPLAINT / MEDINA
USAO No. 2022R01402

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101